UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
SLEIMAN SLEIMAN and APACHE
MUSIC IVS,

                Plaintiffs,                  REPORT AND
                                                         RECOMMENDATION

       -against-                              19 CV 2298 (PKC)(RML)

DANIEL HERNANDEZ a/k/a TEKASHI69
a/k/a 6IX9INE, TEKASHI69 PUBLISHING,
INC., and S.C.U.M GANG INC.,

                Defendants.
-------------------------------------------------------X
LEVY, United States Magistrate Judge:

        By order dated January 7, 2020, the Honorable Pamela K. Chen, United States District Judge, referred plaintiffs' motion for default judgment to me for Report and Recommendation. After I directed the U.S. Marshals Service to personally serve defendant Daniel Hernandez ("Hernandez"), who was in the custody of the U.S. Bureau of Prisons, Hernandez and defendant Tekashi69 Publishing, Inc. filed an answer on March 19, 2020. I therefore respectfully recommend that plaintiffs' default motion be denied as moot with respect to those defendants.

        The third named defendant is S.C.U.M Gang Inc. According to the amended complaint, S.C.U.M Gang Inc. is a New York domestic business corporation with its principal place of business at 3402 Farragut Road, Brooklyn, New York 11210. (First Amended Complaint, dated July 26, 2019 ("Am. Compl."), Dkt. No. 14, ¶ 11.) A return of service shows

that plaintiffs served this defendant via the New York Secretary of State.[1]  (See Affidavit of Service of Mary M. Bonville, sworn to Aug. 22, 2019, Dkt. No. 18.)  A Clerk's Certificate of Default establishes that defendant S.C.U.M Gang Inc. has not filed an answer or otherwise moved with respect to the amended complaint.  (See Clerk's Entry of Default, dated Sept. 30, 2019, Dkt. No. 25.)

The only relief plaintiffs seek with respect to this defendant is a declaration that S.C.U.M Gang Inc., which allegedly demanded payment from plaintiff Sleiman Sleiman, has no rights in or to the song at issue in this case, "provisionally or definitely entitled Red Bandnna [sic]/ Black Hoodie" (the "Song").  (See Plaintiff's Memorandum of Law in Support of Motion for Default Judgment, dated Dec. 30, 2019, Dkt. No. 36, at 9-10; Declaration of Sleiman Sleiman, dated Dec. 27, 2019, Dkt. No. 36-2, ¶ 1.a.)

A defaulting defendant admits every well-pleaded allegation in the complaint. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992) ("a party's default is deemed to constitute a concession of all well pleaded allegations of liability"); see also Morales v. B&M Gen Renovation Inc., No. 14 CV 7290, 2016 WL 1266624 at *2 (E.D.N.Y. Mar. 9, 2016), report and recommendation adopted, 2016 WL 1258482 (E.D.N.Y. Mar. 29, 2016).  Thus, by defaulting, defendant S.C.U.M Gang Inc. admits that it has no rights to the Song.  (See Am. Compl. ¶¶ 61-62.)

The court considers the following factors in deciding whether it will exercise its discretion to grant a request for declaratory judgment: "(1) whether the judgment will serve a

---

[1] A search of the New York State Corporation & Business Entity Database confirms that a corporation by this name is registered in New York.  (See https://www.dos.ny.gov/corps/bus_entity_search.html.)  The company's Chief Operating Officer is listed as Darrell Wheeler at 221 Linden Blvd., Apt. B7, Brooklyn, New York 11226.  (Id.)

useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty." Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 411 F.3d 384, 389 (2d Cir. 2005). Here, plaintiffs assert that S.C.U.M Gang Inc. has no legal right in or to the Song. (See Am. Compl. ¶¶ 52- 54, 58-59.) S.C.U.M Gang Inc. has not responded to this action; therefore, it admits to having no right to the Song, and a declaratory judgment would clarify and settle that issue and finalize that aspect of the case. For that reason, I respectfully recommend that plaintiffs' motion for a default judgment be granted with respect to S.C.U.M Gang Inc. and that plaintiffs be awarded the declaratory relief they request concerning that defendant.

Any objection to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Chen and to my chambers, within fourteen (14) days. Failure to file objections in a timely manner may waive a right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(d), 72. Plaintiffs are directed to serve a copy of this Report and Recommendation on defendant S.C.U.M Gang Inc. by regular mail, and to file a certificate of service electronically, within three (3) business days.

Respectfully submitted,

_____/s/_____
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
      April 13, 2020